**SOUND SHIPBUILDING CORPORA-TION, Libellant,**

v.

**THE Scow ANNA V. CONROY and Gerard Conroy, Claimant-Respondent.**

**No. 19597.**

United States District Court
E. D. New York.
May 3, 1955.

Foley & Martin, New York City, for libellant. John H. Hanrahan, Jr., New York City, of counsel.

Mahar & Mason, New York City, for claimant-respondent. Frank C. Mason, New York City, of counsel.

GALSTON, District Judge.

This libel alleges that between October 1, 1950 and November 21, 1950, the libellant, at the request of the owner of the deck scow Conroy, performed necessary repairs to the vessel, and furnished materials all of the fair and reasonable value of $2,859.68, of which amount $2,000 has been paid, leaving due $859.68.

The answer denies the material allegations of the libel and alleges that the repairs were to be made for the agreed sum of $2,000, which amount has been paid by the claimant-respondent.

The record in the case is very brief. There is direct contradiction in respect

to the arrangement that was entered into between Roach, the president of the Sound Shipbuilding Corporation, and Conroy, the owner of the scow. Basically then the question presented is whether the parties agreed that the repairs were to be made for the sum of $2,800 or $2,000.

In October 1950, while the scow was in Flushing Creek, as Roach testified, it was examined by Roach at the request of Conroy. It is Roach's testimony that they agreed upon a price of $2,800, which Conroy was to pay Roach in advance for the making of these repairs. It must be emphasized that the libel itself alleges no such contract. On the contrary, it is set forth therein that the repairs were made at the request of the claimant-respondent, and were of the fair and reasonable value of $2,859.68. Roach's testimony was not too convincing. I think the lapse of time had clouded his memory, at least concerning some of the details.

The more likely story is that of Conroy, who said that when the scow was examined it was not in Flushing Creek but in New Jersey; that Roach made an estimate of about $2,200, and that they finally agreed on a price of $2,000 on condition that the payment be made immediately upon completion of the work. After that agreement was entered into and the work begun, according to Conroy, Roach needed money for his payroll and Conroy advanced the sum of $1,000 on November 1st. Some weeks later Roach, in order to meet a bill for lumber, required the balance of the contract price and accordingly Conroy gave him a check, on November 13th, for $1,000.

Thereafter, on the completion of the repairs, the claimant-respondent took his boat from libellant's yard.

On the whole I cannot reach the conclusion that the libellant has sustained his libel. Roach's testimony seeks to establish a contract price. That is not the allegation of the libel. It is hard to read libellant's Exhibit 1, a bill dated November 21, 1950, covering the repairs to the scow fully itemized, and to understand why such an itemized bill should

have been rendered by the libellant if the agreement between the parties was that testified to by Roach. The burden on the libellant to prove its case has not been sustained by a fair preponderance of the credible evidence, and in consequence the libel must be dismissed.

Concurrently with this opinion appropriate findings of fact and conclusions of law will be filed.